UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
PATRICK KRIWOX and LAURIE KRIWOX,
Individually, and as Mother and Father of O.K.,

                           Plaintiffs,
    -v-                                                      7:10-CV-1070

EBS-RMSCO, INC. and EMPIRE STATE
CARPENTERS WELFARE FUND,

                           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                   OF COUNSEL:

CONBOY, McKAY, BACHMAN &
  KENDALL, LLP                             STEPHEN W. GEBO, ESQ.
Attorneys for Plaintiffs
407 Sherman Street
Watertown, NY 13601

BOND, SCHOENECK & KING, PLLC        JAMES P. WRIGHT, JR., ESQ.
Attorneys for Defendant EBS-RMSCO, INC.  ROBERT KIRCHNER, ESQ.
One Lincoln Center
Syracuse, NY 13202

DeCARLO, CONNOR & SHANLEY, LLP     BRIAN F. QUINN, ESQ.
Attorneys for Defendant Empire State
  Carpenters Welfare Fund
101 Constitution Avenue, NW
Washington, DC 20001

DeCARLO, CONNOR & SHANLEY, LLP     JODY M. BORRELLI, ESQ.
Attorneys for Defendant Empire State
  Carpenters Welfare Fund
533 South Fremont Avenue, 9th Floor
Los Angeles, CA 90071

DAVID N. HURD
United States District Judge

**MEMORANDUM–DECISION and ORDER**

## I.  INTRODUCTION

Plaintiffs Patrick Kriwox[1] and Laurie Kriwox (collectively "plaintiffs") bring this action individually, and on behalf of their minor child O.K., against defendants Empire State Carpenters Welfare Fund ("Empire State") and EBS-RMSCO, Inc. ("EBS") (collectively "defendants") alleging breach of contract.  Specifically, plaintiffs challenge defendants' decision to deny payment of medical expenses under plaintiffs' health insurance policy.

Empire State moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule __").  EBS moves for judgment on the pleadings in accordance with Rule 12(c).  Defendants argue the complaint is preempted by the Employment Retirement Income Security Act ("ERISA").  29 U.S.C. §§ 1001–1461 (2006).  Plaintiff opposes both motions and cross-moves to amend the complaint.  Defendants have not opposed plaintiffs' cross-motion.  The motions were considered on their submissions without oral argument.

## II.  FACTS

Kriwox is a member of the Carpenters Local 747 union.  As part of his membership in the union, he obtained health insurance for he and his family through a benefit plan established by defendant Empire State.  The plan was administered by defendant EBS.

On August 22, 2009, plaintiffs' daughter, O.K., was involved in an accident while a passenger on an all terrain vehicle.  As a result of the accident, O.K. sustained serious injuries requiring medical attention.  Her medical expenses from the accident totaled over

---

[1] Unless otherwise noted, all references to "plaintiff" or "Kriwox" are to Patrick Kriwox.

- 2 -

$171,000.  Plaintiffs timely submitted the medical bills to the plan administrator, EBS, for payment.  EBS approved payment of approximately $3,352.89 but denied the remainder of the claim.

On December 28, 2009, Kriwox appealed EBS's denial of benefits.  On January 8, 2010, EBS denied the appeal on the ground that the benefit plan excluded medical coverage for injuries or illness resulting from engaging in any hazardous activity, including drag racing or competitive racing, sky diving and bungee jumping, motorcycles, snowmobiles, boats or watercrafts.  On February 2, 2010, his attorney appealed the denial.  On February 18, 2010, EBS upheld its original decision denying payment of the medical claims.

Plaintiffs brought suit against EBS and Empire State Regional Council of Carpenters on July 16, 2010, in New York State Supreme Court, Lewis County, asserting a breach of contract claim.  On September 3, 2010, defendant EBS removed the action to federal court.  Plaintiffs amended the complaint to remove Empire State Regional Council of Carpenters and add defendant Empire State.  The amended complaint was filed on or about October 15, 2010.

## III.  DISCUSSION

### A.  Plaintiffs' Cross-Motion to Amend

In response to defendants' preemption arguments, plaintiffs concede their state law breach of contract claim is governed by 29 U.S.C. § 1132 ("section 502"), the civil enforcement provision of ERISA.  However they contend the claim, as pleaded, should be recharacterized as one under ERISA.  In the alternative, they move to amend the complaint to cure the deficiency and to add a second cause of action against EBS.

The amended complaint's sole cause of action is a state law breach of contract claim based on defendants' failure to pay benefits under the health insurance policy. The parties do not dispute the claim is preempted by ERISA. Federal courts disagree regarding whether a complaint's common law breach of contract claim should be recharacterized as a claim pursuant to § 502(a)(1)(B) or dismissed without prejudice pursuant to the preemption doctrine. Harrison v. Metro. Life Ins. Co., 417 F. Supp. 2d 424, 431 (S.D.N.Y. 2006) (citing Fanney v. Trigon Ins. Co., 11 F. Supp. 2d 829, 832 (E.D. Va. 1998) (noting disagreement among courts regarding whether state law claims preempted by ERISA should be recharacterized as claims pursuant to § 502(a)(1)(B)). In Arthurs v. Metro. Life Ins. Co., the Southern District of New York examined a complaint that alleged a common law breach of contract claim, but set forth the elements of a claim under § 502(a)(1)(B). Arthurs, 760 F. Supp. 1095, 1098 (S.D.N.Y. 1991). The court held the proper remedy was not dismissal based on preemption, but instead recharacterization of the claim as one under ERISA. Id. "'[This] approach is consistent with the Second Circuit's holding that a pleading is sufficient where it sets forth the factual allegations supporting the elements of a claim, even if it fails to identify the specific law under which it brings a claim.'" G.R.J.H., Inc. v. Oxford Health Plans, Inc., No. 07-CV-00068, 2009 WL 1362985, at *4 (N.D.N.Y. May 14, 2009) (Mordue, J.) (quoting Harrison, 417 F. Supp. 2d at 431). Recharacterization promotes the interests of justice and sound judicial administration. Id. at *5.

Here, the amended complaint identifies the parties, alleges there was a benefit plan, that the plaintiffs were beneficiaries of that plan, and that they submitted claims under the plan that were wrongfully denied. It sets forth factual allegations supporting the elements of an ERISA claim. However, it need not be decided whether it is proper to recharacterize

the claim as one under § 502(a)(1)(B) because the purposes behind recharacterization would not be accomplished here. The proposed second amended complaint adds a second cause of action and thus plaintiffs' cross-motion to amend must be analyzed in its entirety.

The Federal Rules of Civil Procedure permit a party to amend its pleading once "as a matter of course" within 21 days after service of a motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs' cross-motion to amend was filed on January 25, 2011—more than 21 days after defendants filed their motions on December 15 and 17, 2010. In any event, plaintiffs already filed an amended complaint on October 15, 2010, and thus leave is required.

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). An amendment to a complaint is futile if the proposed claim would not withstand a motion to dismiss. Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

The first claim in the proposed second amended complaint is based on the same facts and is almost identical to the sole cause of action in the amended complaint. The second amended complaint specifies that the first claim is asserted under ERISA instead of contract law, and substitutes "benefit plan" for "health insurance plan." See [Second] Amended Complaint, Dkt. No. 22–2.

Chief Judge Mordue considered this same issue in Oxford Health Plans, Inc. and permitted amendment "[s]ince the substance of plaintiff's pleadings sufficiently raises an ERISA claim." Oxford Health Plans, Inc., 2009 WL 1362985, at *5. The court noted that

since the defendant removed the case to federal court on the basis of ERISA, it could not complain of prejudice in permitting the plaintiff to amend to assert an ERISA claim. Id. Similarly, EBS removed this case to federal court, and both defendants have made motions to dismiss the complaint based on ERISA preemption. Neither defendant opposed plaintiffs' cross-motion to amend and neither can now complain of prejudice.

The proposed second amended complaint also adds a new cause of action against EBS based on statutory violations. See 29 U.S.C. §§ 1024(b)(4), 1132(c). This claim seeks to recover statutory penalties for EBS's failure to provide plaintiffs with required information about the benefit plan. This claim also arises from the same set of facts set forth in the amended complaint. Further, EBS has offered no reason why they would be prejudiced by the addition of this claim.

Because the proposed second amended complaint is based on the same set of facts as the amended complaint, and defendants have shown no prejudice, justice would be served by permitting the amendment. Therefore, plaintiffs' cross-motion to amend will be granted.

### B. Defendants' Motions to Dismiss and for Judgment on the Pleadings

Both defendants argue plaintiffs' state law claim is preempted by ERISA and the amended complaint should be dismissed in its entirety. Because plaintiffs' cross-motion to amend will be granted, and a second amended complaint filed, Empire State's motion to dismiss and EBS's motion for judgment on the pleadings will be denied as moot.

## IV. CONCLUSION

Recharacterization is unnecessary in light of plaintiffs' formal cross-motion to amend. Amendment will be permitted to allow plaintiffs to assert an ERISA claim and to add

a second cause of action against EBS for statutory penalties related to ERISA. These additions flow from the same set of facts alleged in the amended complaint and defendants have utterly failed to demonstrate how they would be prejudiced by service of the second amended complaint. Because plaintiffs' cross-motion to amend will be granted, defendant Empire State's motion to dismiss and EBS's motion for judgment on the pleadings will be denied as moot.

Therefore it is

ORDERED that:

1. Plaintiffs' motion to amend the complaint is GRANTED;

2. Plaintiffs are directed to file a Second Amended Complaint on or before June 10, 2011;

3. Defendant Empire State Carpenters Welfare Fund's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED as moot; and

4. Defendant EBS-RMSCO, Inc.'s motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is DENIED as moot.

IT IS SO ORDERED.

_____
United States District Judge

Dated: May 26, 2011
        Utica, New York.